# Supreme Court of Florida

THURSDAY, JULY 2, 2026

The Florida Bar,
          Petitioner(s)

v.

Elizabeth Hidalgo,
          Respondent(s)

**SC2025-0636**

Lower Tribunal No(s).:
20244074(11D)

---

The uncontested report of the referee and plea agreement are approved and Respondent Elizabeth Hidalgo is found guilty of indirect criminal contempt for violating previous orders of this Court. *See Fla. Bar v. Hidalgo*, 888 So. 2d 624 (Fla. 2004)*; Fla. Bar v. Hidalgo*, 139 So. 3d 888 (Fla. 2014); *Fla. Bar v. Hidalgo*, No. SC2021-1264, 2021 WL 4317401 (Fla. Sep. 23, 2021). Respondent is placed on probation and GPS monitoring for five months subject to the probationary supervision of the Advocate Program or similar program and must pay the costs associated with the probation and GPS monitoring to the Advocate Program, under the terms and conditions set forth in the report and plea agreement.

As a condition of probation, Respondent is sentenced to five months in the Miami-Dade County Jail. However, the jail sentence

shall be suspended pending completion of probation and GPS monitoring, including abiding by all of the conditions of probation as specified in the report and plea agreement.

Respondent shall not engage in the unlicensed practice of law and the orders dated October 28, 2004, April 15, 2014, and September 23, 2021, enjoining Respondent from engaging in the unlicensed practice of law in Florida shall continue in their present form. *See Hidalgo*, 888 So. 2d at 624; *Hidalgo*, 139 So. 3d at 888; *Hidalgo*, 2021 WL 4317401, at *1. Respondent is directed to comply with all other terms and conditions of the report and plea agreement.

Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Elizabeth Hidalgo in the amount of $1,692.71, for which sum let execution issue.

COURIEL, C.J., and LABARGA, MUÑIZ, GROSSHANS, FRANCIS, and SASSO, JJ., concur.
TANENBAUM, J., dissents with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

TANENBAUM, J., dissenting.

We have exclusive jurisdiction "to regulate the admission of persons to the practice of law and the discipline of persons admitted."  Art. V, § 15, Fla. Const.  This administrative authority extends only to the privilege being regulated.  That means a person is subject to this court's regulatory authority at all only if he or she applies to be admitted to practice law or in fact has been admitted to practice law.  This court's administrative authority—which is an extraordinary grant in the first place—can go no further than the constitution's text allows.  The respondent is not a "person[] admitted" to the practice of law, so she is not subject to this court's otherwise limited regulatory power.  *Id.*  Moreover, this court's contempt power is inherent in, and necessary to, the exercise of its judicial power, but the court does not exercise judicial power in its administrative capacity.

The Legislature, vested with the State's legislative power, has the exclusive authority to regulate the unlicensed practice of law, and it has enacted a statute that makes it a third-degree felony to

do so. *See* § 454.23, Fla. Stat. The respondent remains subject to

prosecution in a criminal proceeding that comports with the usual

constitutional protections. The order being entered in this case

exceeds the constitutional bounds of this court's authority.

A True Copy
Test:

SC2025-0636  7/2/2026

John A. Tomasino
Clerk, Supreme Court
SC2025-0636  7/2/2026



SO

Served:

HON. ROSA DE LA CARIDAD FIGAROLA
JACQUELYN PLASNER NEEDELMAN
JEFFREY TODD PICKER
ROSIE CORDERO-STUTZ, SHERIFF
    (FOR SERVICE ON MATTHEW ERIC LADD AND EDWARD
    TAPANES)